IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY HOWARD BESSELAAR, 135043, :

    **Plaintiff,**                                       :

vs.                                                       :         CIVIL ACTION 21-0037-JB-MU

**SADIE STALLWORTH,** *et al.*,           :

    **Defendants.**                                 :

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's motion for a temporary restraining and preliminary injunction ("motion"), which the Court is treating as a motion for a temporary restraining order due to the absence of a certificate of service reflecting that Plaintiff served his motion on Defendants. (Doc. 7, PageID.31). This motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the motion be denied.[1]

**I. Applicable Law.**

---

[1] Plaintiff is a Mobile County Metro Jail ("Metro") inmate who is proceeding *pro se* and *in forma pauperis* in this § 1983 action. In the complaint he sued Captain Sadie Stallworth for interfering with, reading, and seizing his legal mail; refusing to supply him with paper, envelopes, notary services, postage, and legal assistance; and retaliating against him for accessing the courts, and Sheriff Sam Cochran for instituting a policy that limits outgoing nonprivileged mail to postcards, which can be bought at the commissary, but which have not been available since March 2020. (Doc. 1 at 4, PageID.4)

PACER (Public Access to Court Electronic Record) reflects that prior to filing the present lawsuit, Plaintiff filed twenty-four § 1983 and habeas actions in the United States District Courts of Alabama. (https://pacer.login.uscourts.gov/ last visited Mar. 23, 2021).

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).  Irreparable harm and inadequacy of legal remedies are the bases for injunctive relief in the federal courts.  *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990).  An irreparable injury is one that "cannot be undone through monetary remedies."  *Id.*  And the irreparable injury "must be neither remote nor speculative, but actual and imminent."  *Id.*  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  *Id.* (quotation omitted).  Moreover, the "granting [of] most or all of the substantive relief requested in the complaint[,]" will not be gained by requesting a temporary restraining order.  *Fernandez-Roque v. Smith,* 671 F.2d 426, 429 (11th Cir. 1982).

> To prevail on a request for injunctive relief, the movant must show:
>
> > (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.

*Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).  "[A] preliminary injunction is an extraordinary and drastic remedy [,]" which will not be granted unless the movant carries the burden of persuasion as to all the four prerequisites.  *Id.* (citation and quotations marks omitted).

Furthermore, Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders in federal courts. Fed.R.Civ.P. 65. "The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers* 415 U.S. 423, 438, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974). Rule 65(b)(1)(A) and (B) requires that an affidavit or verified complaint contain facts showing that an immediate and irreparable injury will occur before a hearing in opposition can be held and that the movant certifies in writing of his attempts to give notice to the nonmovant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989).

## II.  The Motion.

Plaintiff's motion is not sworn to for its veracity or signed under penalty of perjury, unlike his attached affidavit that is sworn under penalty of perjury. (Doc. 7, PageID.34; Doc. 7-1 at 1, PageID.35). In the affidavit, Plaintiff states that on Sunday, March 7, 2021, Officer Lewis summoned him to the observation pod and handed him a letter postmarked February 18, 2021, which contained this Court's order dated February 17, 2021 granting his ifp motion. (*Id.*). The letter's envelope, with his notation of the date of receipt, is attached to the motion. (*Id.*). No allegations of an imminent, irreparable injury or of Defendant Stallworth's and Defendant Cochran's involvement are present in the affidavit.

Turning to the actual motion, Plaintiff alleges that since March 11, 2020, Defendant Stallworth has been screening all his incoming and outgoing legal mail, which delays his mail on an average of fourteen days. (Doc. 7. at 1-2, PageID.31-32). Then, in October 2020, after Defendant Stallworth was served with his civil rights complaint filed in Mobile County Circuit Court, she began "interdicting" his mail for the purpose of screening it. (*Id.* at 2, PageID.32). She has opened, read, and seized Plaintiff's outgoing and incoming legal mail. (*Id.*). She has told Plaintiff verbally and in writing that she has a legal right to open, inspect, read, and seize any mail, legal or otherwise, regardless of whether she has Plaintiff's permission. (*Id.*).

Then, when Plaintiff requested case action summaries in his pending actions, *Besselaar v. Ala. Bd. of Pardons & Paroles,* cv-19-0614 (Montgomery Cnty. Cir. Ct.); CR-19-0946 (Ala. Crim. App.); and *Besselaar v. Cochran, supra,* he found items that were not received by the court or him. (*Id.*). He believes this is due to Defendant Stallworth's "interdiction." (*Id.*).

For the past six months, his legal mail has been delivered to him taped closed after having been opened. (*Id.*). Defendant Stallworth's screening restricts him from meaningfully litigating his cases. (*Id.* at 3, PageID.33). For example, twice the Alabama Court of Criminal Appeals recalled its certificate of final judgment because his petitions were not received timely, which was due to Defendant Stallworth's delay in mailing them once for five days and then for ten days. (*Id.*). The court, however, found they were timely filed due to the prisoner mailbox rule. (*Id.*). Defendant Stallworth does not screen the other 1,500 Metro prisoners' mail, but she screens his mail to retaliate against him for naming her as a defendant in one of his actions. (*Id.*).

4

For relief, Plaintiff requests the Court to holding a hearing. (*Id.*). No other relief is requested.

## III. Analysis.

Rule 65(b) of the Federal Rules of Civil Procedure requires that before a temporary restraining order is issued that an affidavit or verified complaint show through specific facts that an irreparable injury will occur before any opposition can be heard. FED.R.CIV.P. 65(b)(1)(A). Additionally, one of the four elements for the issuance of injunctive relief requires that a plaintiff carry his burden of persuasion that he will suffer irreparable injury unless the injunction issues. Plaintiff has not met his burden of persuasion of showing that he will suffer an irreparable injury unless the temporary restraining order issues. He has not described or pointed to a specific injury he is about to suffer, much less an imminent, irreparable injury, if injunctive relief does not issue. Moreover, his example of the courts employing the prisoner mailbox rule shows that no injury has occurred. And his other allegations regarding his mail do not have a specific injury associated with them. Furthermore, he has not advised of his attempts to notify Defendants Stallworth and Cochran of his application for a temporary restraining order and his reasons for lack of notification. FED.R.CIV.P. 65(b)(1)(B).

## IV. Conclusion.

Because the Court finds that plaintiff has not met his burden of persuasion in regard to one prerequisite for injunctive relief to issue, and has not satisfied the requirements of Rule 65(b)(1)(A&B), the Court will not address the remaining elements inasmuch as Plaintiff bears the burden of persuasion on all four elements. *U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (a preliminary injunction was

properly denied where movant failed to meet the burden of persuasion on one factor – suffering irreparable harm); *Sofarelli v. Pinellas Cnty.,* 931 F.2d 718, 724 (11th Cir. 1991) ("If any element is not proven, there is no need to address the others."). Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order be denied.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

      **DONE** and **ORDERED** this 31st day of March, 2021.

                        /s/ P. BRADLEY MURRAY  
                        **UNITED STATES MAGISTRATE JUDGE**