IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY HOWARD BESSELAAR.,
    Plaintiff,

vs.                                       CIVIL ACTION 21-037-JB-MU

SADIE STALLWORTH, *et al*.,
    Defendants.

## **REPORT & RECOMMENDATION**

Plaintiff Tracy Howard Besselaar filed this *pro se* civil rights suit under 42 U.S.C. § 1983 while incarcerated at the Mobile County Metro Jail and was allowed to proceed *in forma pauperis*.[1] Plaintiff alleges that Defendants violated his constitutional right to access the courts. Plaintiff seeks injunctive and declaratory relief, temporary restraining order, punitive and nominal damages, and any other equitable relief deemed appropriate against Defendant Sadie Stallworth and Sam Cochran. (Doc. 1 at 9).

Pursuant to orders of the court, Defendants filed answers, with supporting evidentiary materials, in response to the allegations contained in the complaint. (Docs. 14-16). The court converted Defendants' responses into a motion for summary judgment and explained to Plaintiff the proper way to oppose such motion for summary judgment. (Doc. 18). Plaintiff responded to the motion, indicating his intent to continue litigation but requested that this motion be continued.[2] (Doc. 22). However, based on the current

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).
[2] In response to the motion for summary judgment, Plaintiff asks for a continuance, stating his legal papers have been stolen, he has little to no access to legal materials, and his life is threatened by fellow inmates. (Doc. 22).

record, it is determined that this case is ripe for summary judgment, and after careful review, it is **Ordered** that: Plaintiff's Motion for Extension of Time (Doc. 22) be **DENIED**; Plaintiff's Motion for Discovery (Doc. 23) be **DENIED**; Plaintiff's Motion for Temporary Suspension of the Rules (Doc. 24) be **DENIED**; and it is **Recommended** that Defendants' Motion for Summary Judgment (Doc. 18) should be **GRANTED**, for the reasons discussed herein.

## I.     Summary Judgment Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (emphasis in original); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no genuine issue of material fact.'") (emphasis in original) (citation omitted).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The movant can meet this burden by presenting evidence showing there is

no dispute of material fact, or by showing or pointing out to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-24.

> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.

*ThyssenKrupp Steel USA, LLC v. United Forming, Inc.*, 926 F. Supp. 2d 1286, 1290 (S.D. Ala. 2013) (internal citations omitted).

The requirement to view the facts in favor of the nonmoving party extends only to "genuine" disputes over material facts. *Garczynski*, 573 F.3d at 1165. "A genuine dispute requires more than 'some metaphysical doubt as to material facts.'" *Id*. (citations omitted). A "mere scintilla" of evidence is insufficient; the nonmoving party must produce substantial evidence in order to defeat a motion for summary judgment. *Id*. In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). More importantly, where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007); *see also Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) ("In cases where opposing parties tell different versions of the same events, one of which is blatantly contradicted by the record—such

3

that no reasonable jury could believe it—a court should not adopt the contradicted allegations.") (citations omitted) (unpublished).[3]

## II. Summary Judgment Facts.

On November 15, 2020, while housed at Mobile County Metro Jail ("Mobile Metro" or "the jail"), Besselaar submitted a letter to a jail guard for the outgoing mail. (Doc. 1 at 3). The letter was addressed to a "paralegal" at a local attorney's office and marked as "legal mail". (*Id.*). The guard inspected the open envelope and letter for contraband, then returned it to Besselaar for sealing. (*Id.*). After Besselaar sealed the envelope for mailing, it was placed in the stack of outgoing "legal" mail for delivery to the post office. (*Id.*).

On November 18, 2020, Besselaar was called to Captain Sadie Stallworth's office and ordered to open the November 15 sealed letter, addressed to the "paralegal". (*Id*. at 3-4). Notably, the "paralegal" worked at a local attorney's office, but the attorney did not represent (nor had he ever represented) Besselaar in a legal matter. (Doc. 14 at 2). Captain Stallworth then read the letter in its entirety. (*Id*. at 4). It is undisputed that the letter was a request that a legal pad and other material be provided to him through a local church, of which Besselaar and the paralegal were both members. (Doc. 14 at 2; Doc. 14-3 at 3). Captain Stallworth informed Besselaar that "jailhouse lawyering" was not allowed, seized the letter, and ordered Besselaar to return to his cell. (*Id.*). She further informed Besselaar that he would not be allowed to solicit legal materials from freeworld lawyers. (*Id.*). Besselaar asked Captain Stallworth why she was screening his outgoing legal mail and she stated, "[Besselaar] was not a lawyer and had no right to try to practice

---

[3] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." 11th Cir. R. 36-2.

law." (Doc. 1 at 4). She also informed Besselaar he was "crazy" if he "thought she was going to help me sue her," as Besselaar had previously (in August of 2020) filed a lawsuit in the Circuit Court of Mobile alleging unconstitutional conditions at the jail related to overcrowding and the Covid-19 virus. (*Id.*). Since the filing of this action, Besselaar claims that Stallworth has "shown hostility" towards him, intervened with his legal mail, and refused to supply him (or allow the jail staff to supply him) with paper, envelopes, notary services, postage, or legal assistance to enable him access to the courts. (*Id.*).

Furthermore, Mobile Metro is an "email and postcard only" facility regarding non-privileged communications to and from inmates due to continued attempts to use the mail as a vehicle for introducing contraband into the jail. (Doc. 14 at 2). Plaintiff alleges that this policy requires inmates purchase the postcards from the jail commissary, yet the postcards have been unavailable for purchase since March of 2020. (Doc. 1 at 4).

Plaintiff filed this suit on December 21, 2020 against Defendant Stallworth, for depriving him of his right to communicate via privileged mail and for denying him access to the courts in retaliation for exercising his First Amendment right to access the courts, and Defendant Cochran, for effectively denying him access to nonprivileged mail since March 2020.[4] (Doc. 1 at 5, 9). Defendants have answered the suit, denying the

---

[4] In addition to this § 1983 action, Plaintiff filed the same or substantially similar "legal mail" and postcard-only claims, in August of 2020, in the Circuit Court of Mobile County, Alabama. (Doc. 14 at 2-3; Doc. 14-2 at 7; Doc. 14-3). In the state court case, Plaintiff's requests for injunctive relief and a temporary restraining order were denied after a full hearing on Besselaar's claims on December 10, 2020. (Doc. 14 at 3; Doc. 14-5). Thereafter, the defendants in the state suit (including Sheriff Cochran and Captain Stallworth) moved for summary judgment, and Plaintiff Besselaar unilaterally moved to dismiss the state court lawsuit after Defendants Stallworth and Cochran were served with this § 1983 action. (Doc. 14 at 4). The state court Circuit Court judge denied Besselaar's motion to dismiss, and the state suit is still pending. (*Id.*).

allegations asserted against them and have submitted a special report in support of their denial. (Docs. 14, 15, 16). The court has converted Defendants' answer and special report into a motion for summary judgment. (Doc. 18).

In response to the motion, Plaintiff informed the court that he had been transferred to Draper prison on June 1, 2021 and then to Fountain Correctional Facility ("Fountain") on June 18, 2021. (Doc. 19). On July 8, 2021, Plaintiff requested that this motion be continued because he was unable to properly oppose it at that time, due to prison conditions unrelated to this action (namely threats on his life, the disappearance of his legal papers, and housing in the restrictive housing unit for protection). (Doc. 22). Plaintiff also filed motions for discovery (doc. 23) and temporary suspension of the rules (doc. 24) and filed copies of letters submitted prison officials (doc. 25).

On or around July 26, 2021, this court was advised by an attorney representing Plaintiff in another matter, that Plaintiff passed away on or around July 19, 2021, while incarcerated at Fountain prison.

Considering the entirety of the record, the summary judgment motion is due to be granted for the reasons discussed herein.

**III.    Discussion.**

Plaintiff Besselaar asserts two basic claims, (1) that he has been denied access to the courts and (2) that Mobile Metro's postcard-only policy for nonprivileged mail is unconstitutional. To the extent Plaintiff seeks equitable relief in this action, his claims are moot, given that he was transferred from Mobile Metro in June 2021.[5] *Preiser v. Newkirk,*

---

[5]    Plaintiff does not meet the exceptions to the mootness doctrine. See *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam) (Exception to the mootness doctrine applies when (1) the challenged action is too short

422 U.S. 395, 402–03, 95 S. Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975) (An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.). Furthermore, Plaintiff fails to establish constitutional violations against Defendants Cochran and Stallworth.

It is well established that convicted prisoners do not forfeit all constitutional protections when they enter prison, *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) ("[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."), including their rights to petition the courts. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974) (""[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."). It is also well established that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *Price v. Johnston*, 344 U.S. 266, 285, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948). Accordingly, challenges to prison restrictions which "inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system." *Pell*, 417 U.S. at 822. Such restrictions are constitutional if they are "reasonably related" to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). In evaluating the reasonableness issue, the following factors are generally considered: (1) whether there is a valid, rational connection between the prison regulation and the

---

in duration to be fully litigated prior to its expiration and (2) there is a reasonable expectation that the injury to the same party will occur again.).

legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remains open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards, other inmates, and on the allocation of prison resources; and, (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at *de minimus* costs to valid penological interests. *Id*.

Turning to the constitutionality of Defendant Cochran's postcard-only policy for nonprivileged mail. Generally, such policies have been upheld as constitutional. *See Prison Legal News v. Chapman*, 44 F. Supp. 3d 1289 (M.D. Ga. 2014) ("conclude[ing] that the postcard-only policy does not violate [plaintiff's] rights under the First Amendment"); *Simpson v. Cnty. Of Cape Giradeau, Missouri*, 879 F.3d 273 (8th Cir. 2018). Here, Defendants maintain that the "email and postcard only" policy of Mobile Metro for nonprivileged mail was instituted due to continued attempts of inmates to use the mail as a vehicle for getting contraband into the jail, including but not limited to drugs.[6] (Doc. 14 at 2). Defendants further maintain that inmates are allowed to send and receive letters outside the email/postcard policy provided they are addressed to or from an attorney, law firm, or legal organization. (*Id*.). This justification is content neutral and logically advances the penological goal of safety and efficiency without being an exaggerated response to the objective.[7] *Althouse v. Palm Beach County Sheriff's Office*,

---

[6] Captain Stallworth affirms that inmates have attempted to "saturate" paper with illegal substances and enter the same through the jail's mail. (Doc. 14-1 at 1-2).

[7] Moreover, Defendants are entitled to qualified immunity on this claim. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.

No. 12-80135-CIV-MARRA, 2013 WL 536072, at *6, 2013 U.S. Dist. LEXIS 18602, at *12-21 (S.D. Fla. Feb. 12, 2013) (applying four-part *Turner* test on summary judgment review and holding that the "postcard policy does not impede Plaintiff's First Amendment rights because it is content neutral, it logically advances the goals of institutional security and safety, and it is not an exaggerat ed response to those objectives"). Accordingly, Plaintiff has failed to establish that Defendant Cochran's postcard-only policy is unconstitutional, as he has failed to show he was denied a right, privilege, or immunity guaranteed under federal law or the Constitution. 42 U.S.C. § 1983.

Turning to Plaintiff's claim that he was denied access to the courts, it is clearly established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). However, to state a successful claim, an inmate must "demonstrate that the [denial of access to the courts] hindered his efforts to pursue a legal claim" - that is that he suffered "actual injury" from the denial. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606, 618 (1996). Such actual injury requires a showing of "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 349. Here, Plaintiff has provided insufficient facts to establish actual injury. In fact, his pleadings are completely void of any description of the litigation

---

Ct. 2508, 153 L. Ed. 2d 666 (2002)). Plaintiff has failed to demonstrate the illegality of the postcard-only policy, and the undersigned has found no relevant Supreme Court or Eleventh Circuit precedent showing that such policy violated clearly established law at the time of Plaintiff's complaint.

or allegation he was attempting to pursue in the courts. Accordingly, Plaintiff has failed to allege how he was prejudiced by any defendant's act(s).[8]

As to his claim that he was denied the right to communicate via privileged mail, when Captain Stallworth intercepted his letter to a paralegal, Plaintiff has also failed to state a claim. The law is clear that the inspection and even reading of nonprivileged outgoing mail does not violate a prisoner's constitutional rights.[9] And, the mere fact that

---

[8] The court notes that to the extent Plaintiff seeks to allege that he has been denied legal materials to access the courts in violation of the constitution, including paper, pens, etc., his claim fails for lack of sufficient facts to establish a claim.

Although a prison must provide indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them," *Bounds*, 430 U.S. at 824-25, an incarcerated plaintiff is not entitled to unlimited access to these materials. *See Van Poyck v. Singletary*, 106 F.3d 1558, 1559 (11th Cir. 1997) (right of access to courts does not entitle inmates to unlimited legal materials); *Procup v. Strickland,* 760 F.2d 1107, 1114 n.9 (11th Cir. 1985) ("The supply of writing materials and postage for mailing pleadings to the courts is not unlimited."); *Poores v. Dunn*, 2020 U.S. Dist. LEXIS 107312, at *3, 2020 WL 3304072, at *2 (M.D. Ala. June 18, 2020) ("[E]ven though he is indigent, the plaintiff is not entitled to unlimited postage for the purpose of filing legal documents."); *Johnson v. Albright*, 2009 WL 4067220, at *12 (M.D. Ala. Nov. 20, 2009) ("[T]he plaintiff is not entitled to free copies or unlimited stationary during her incarceration.").

Taking judicial notice of its docket, *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (discussing court's authority to take judicial notice of documents filed in other judicial proceedings, because the are public documents), as well as the facts of record, the court notes that from August 2020 until Plaintiff was transferred from Mobile Metro, he filed no less than one suit in the Mobile County, Alabama Circuit Court and three actions in the United States District Court for the Southern District of Alabama. (See No. CV-21-35-KD-B; CV-21-290-JB-N in addition to this action and the state court action referred to herein). Consequently, without additional facts plead by Plaintiff his allegations are simply insufficient to establish a constitutional violation. Consequently, it cannot be said that Plaintiff was denied access to the courts or denied legal materials in violation of the constitution.

[9] *See, e.g., Smith v. Delo,* 995 F.2d 827, 830 (8th Cir.1993) (holding that prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *United States v. Whalen,* 940 F.2d 1027, 1035 (7th Cir.) (holding that "it is well established that prisons have sound reasons for reading the outgoing mail of their inmates"), *cert. denied,* 502 U.S. 951, 112 S.Ct. 403, 116 L.Ed.2d 352 (1991); *United States v. Kelton,* 791 F.2d 101, 103 (8th Cir.) (prisoner's Fourth Amendment rights were not violated when prison official inspected and copied prisoner's

the letter was addressed to a paralegal does not transform the request into a privileged or legal matter. It is undisputed by the parties that the letter did not contain any privileged communication, was not connected to a legal matter, was opened by Plaintiff in the presence of Stallworth, that the attorney for whom the paralegal (addressee) worked did not even know Besselaar, and that "paralegals" are not considered privileged parties by the Alabama Department of Corrections.[10] Consequently, Plaintiff has failed to establish a constitutional violation, given that the intercepted and/or opened letter was not legal or privileged communications.

## IV. Conclusion.

Based upon the foregoing, Plaintiff has failed to establish a constitutional violation against Defendants. Accordingly, it is:

1. Ordered that Plaintiff's Motion for Extension of Time (Doc. 22) be **DENIED**;

2. Ordered that Plaintiff's Motion for Discovery (Doc. 23) be **DENIED**;

3. Ordered that Plaintiff's Motion for Temporary Suspension of the Rules (Doc. 24) be **DENIED**; and

4. **Recommended that Defendants' Motion for Summary Judgment** be **GRANTED**, and Plaintiff Besselaar's action be dismissed with prejudice.

---

outgoing mail), *cert. denied,* 479 U.S. 989, 107 S.Ct. 583, 93 L.Ed.2d 586 (1986); *but cf., Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008) (concluding prisoners' First Amendment right to communicate with their attorneys precludes not only the reading of their legal mail/correspondence but the opening of the same outside the prisoners' presence).

[10] According to Alabama Department of Corrections Regulation 448, III., G., "legal mail" is defined as, "Letters to and from attorneys, courts, judges, clerks, and other officials of the courts and government agencies."

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**ORDERED** this **19th day of August, 2021**

**s/P. Bradley Murray**
**UNITED STATES MAGISTRATE JUDGE**